ETTA K. MICHAELSON, Appellant, *v.* TONY SARDU, Trading as CITY SEWING MACHINE Co., Respondent.

First Department, November 17, 1939.

*Louis M. Kommel* of counsel [*Kommel & Zucker*, attorneys], for the appellant.

*Louis Greenblatt* of counsel [*Tenzer, Greenblatt, Fallon & Kaplan*, attorneys], for the respondent.

PER CURIAM. The defense of usury was not sustained upon the trial. There was no proof to show that the alleged usurious payment to the loan broker was made with the knowledge or acquiescence of plaintiff. A principal cannot be charged with usury of his agent in the absence of proof of knowledge and assent thereof by the principal, and the burden of establishing such knowledge and assent on the part of the principal rests upon the party making the claim. (*Stillman* v. *Northrup*, 109 N. Y. 473; *Condit* v. *Baldwin*, 21 id. 219; *Van Wyck* v. *Watters*, 81 id. 352; *Finkelstein* v. *Chasin*, 241 App. Div. 872.)

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and judgment directed in favor of plaintiff for the relief demanded in the complaint, with interest and with costs to the plaintiff in all courts.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and COHN, JJ.; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). The facts adduced upon the trial established, and the trial court properly found, that the agreement was usurious. In the negotiations leading to the loan and the transactions in which the loan was made, plaintiff who made the loan did not appear but was kept in the background. At the trial, although she was in court, she did not, when charged with usury, take the witness stand and testify in her own behalf. When the proof of usury in connection with the loan made by her had been established, she sought to rely upon testimony given by her in an examination before trial conducted by the defendant. Nowhere in this testimony did she disclaim or repudiate the acts of her agent. She confirmed them.

In *Braine* v. *Rosswog* (13 App. Div. 252) a father who had acted throughout the negotiations for a loan finally took the papers in the name of a daughter. This court said: " The object was plainly to cover up the real transaction and to estop the victim from subsequently asserting the usury. But the law here admits of no estoppel upon the truth. That must prevail as against all such devices to cover up usury. * * * Parties cannot escape under such circumstances as these simply by keeping the hand that writes the check in the background. Everything points to the defendant's complicity, and once more a cunning attempt to evade the statute proves unsuccessful."

If mere forms were controlling, the statute against usury would be unenforcible. " The shifts and devices of usurers to evade the statutes against usury have taken every shape and form that the wit of man could devise, but none have been allowed to prevail. Courts have been astute in getting at the true intent of the parties and giving effect to the statute." (*Quackenbos* v. *Sayer*, 62 N. Y. 344; *Hall* v. *Eagle Ins. Co.*, 151 App. Div. 815.)

In the cases cited in the majority opinion, the testimony of the principal was given upon the trial where an opportunity was afforded by cross-examination to test the truth of the disaffirmance of the agent's acts in exacting the usury.

On the facts adduced and fair inferences therefrom, the trial court found that defendant had sufficiently sustained the burden to require plaintiff to go forward with some evidence to rebut the

inference of approval of the acts of her agents in a loan which she concededly made and which the court found to be usurious. It cannot be said that plaintiff thereupon adduced any evidence worthy of credence when she herself failed to take the stand, although present in court, and relied on the ingenious device of reading a part of her own testimony on an examination by defendant before trial. Neither was the loan broker called as a witness nor any effort shown by plaintiff to produce him. The evidence in this case of a circumstantial nature warrants the finding of the trial court and the Appellate Term.

The determination of the Appellate Term and the judgment of the Municipal Court should be affirmed, with costs.

Determination appealed from and judgment of the Municipal Court reversed and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with interest and with costs to the plaintiff in all courts. Settle order on notice.