■ NATIONAL BANK OF NORTH AMERICA, Appellant, v ROSALEE PASKOW, Respondent.—Order, Supreme Court, New York County, entered September 12, 1979, granting reargument, and upon reargument adhering to its order entered July 25, 1979, denying summary judgment to plaintiff on defendant's guarantee of corporate obligations and denying defendant's cross motion for summary judgment, unanimously modified, on the law, to grant plaintiff's motion for summary judgment and to direct a hearing to determine the amount of attorney's fees to be assessed, and otherwise affirmed, with costs and with disbursements. In 1974, at the request of her husband, defendant Rosalee Paskow executed a standard form provided by plaintiff

National Bank of North America (Bank) which guaranteed repayment of credit extended by the Bank to Larry J. Paskow & Associates, Inc. (Associates), a Florida corporation. Defendant's husband, Larry J. Paskow, was a principal of Associates. In 1973, a checking account had been opened at the Bank under the name of Larry J. Paskow & Associates, Inc., Agents for Realty Equities 1960 Corp. (Associates-1960). In 1976, this account was overdrawn in the amount of $28,632.21. Thereupon, the Bank commenced an action against Associates-1960, Larry J. Paskow, and Rosalee Paskow, the latter two defendants as individual guarantors of the obligations of the corporate defendant. The Bank discontinued the action against defendant Mrs. Paskow, but without prejudice, when Mrs. Paskow represented to the Bank that her guarantee ran only to the obligations of Associates, a separate and distinct entity from Associates-1960. The Bank was awarded summary judgment against Mr. Paskow and Associates-1960. On appeal, Mr. Paskow asserted, *inter alia,* that Associates-1960 was not a separate corporate entity but rather was an adopted business style denoting that Associates was acting as an agent for a disclosed principal. This court affirmed the award of summary judgment against both Mr. Paskow and Associates-1960. *(National Bank of North Amer. v Paskow & Assoc.,* 64 AD2d 602.) The Bank then commenced this action against Mrs. Paskow on her guarantee. Special Term denied plaintiff's motion for summary judgment finding that there were issues to be determined concerning the knowledge and intention of the parties in executing the guarantee. It is undisputed that there was an overdraft, and the stated sum is due and owing. It is clear that defendant Mrs. Paskow executed a guarantee for "advances, loans or extensions of credit, directly or indirectly," to the corporation Larry J. Paskow & Associates, Inc. This corporate entity is the entity to which the Bank extended this credit directly or indirectly under the terms of the guarantee of Mrs. Paskow. The checking account in the name of Associates-1960 was established with the Bank prior to Mr. Paskow's request to be considered for credit. The Bank required separate guarantees from both Mr. and Mrs. Paskow before it would authorize credit. The record reveals, and Mr. Paskow admitted after Mrs. Paskow was discontinued as a party in the prior action, that there was only one corporate entity. There is, therefore, no issue to be determined that prevents the granting of summary judgment to plaintiff Bank. The fact that Associates had been dissolved in Florida for nonpayment of taxes prior to the execution of the guarantee by Mrs. Paskow is of no consequence. It continued as a *de facto* corporation. *(Garzo v Maid of Mist Steamboat Co.,* 303 NY 516.) The terms of her guarantee are broad enough to encompass a situation in which the principal obligor has a defense. However, here the principal had no defense and was held liable. In addition, Mrs. Paskow and the defendants in the prior action were in a relationship of privity and, as such, her interests were defended in that action. (See *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65.) The guarantee provides for attorney's fees, and a hearing to determine the amount of this fee is hereby directed. We find no merit to defendant's arguments in support of the cross motion for summary judgment. That motion was properly denied. Settle order. Concur—Kupferman, J. P., Birns, Sandler, Ross and Markewich, JJ.