■ LUDLUM CORPORATION PENSION PLAN TRUST, Respondent, v MATTY'S SUPERSERVICE, INC., et al., Defendants, and ROBERT COTROMANO et al., Appellants.—In an action to foreclose a second mortgage, the defendants Robert and Camille Cotromano appeal from an order of the Supreme Court, Nassau County (Marchese, J.H.O.), dated March 7, 1989, which, *inter alia,* directed that an interlocutory judgment of foreclosure be entered in favor of the plaintiff and against them.

Ordered that the order is affirmed, with costs.

The appellants Robert and Camille Cotromano were the sole shareholders and officers of the defendant Matty's Superservice, Inc. (hereafter Matty's Superservice). In 1978, Matty's Superservice was dissolved by proclamation for nonpayment of franchise taxes. Notwithstanding, it continued to operate and function as before the dissolution. In 1985, the Cotromanos met with AAA Associates Incorporated, mortgage brokers, to arrange a loan. Earlier, AAA Associates had been contacted

by the plaintiff Ludlum Corporation Pension Plan Trust regarding investments in mortgages. Ludlum agreed to finance the $60,000 loan to Matty's Superservice with the Cotromanos as personal guarantors. The loan was secured by a second mortgage on the Cotromanos' residence. On May 17, 1985, a closing took place at the offices of AAA Associates attended by the Cotromanos, AAA Associates' attorneys Sussman and Flax, and a title company representative. The Cotromanos signed all the loan documents as individuals and as officers of Matty's Superservice. The promissory note they executed provided for a $60,000 loan for a year at the rate of 21% interest. They also approved payments of certain disbursements in the total sum of $22,950.

After the closing, the accountant for Matty's Superservice prepared the paperwork for reinstatement and a $3,506.17 check was drawn from its escrow account, made payable to the New York State Corporation Tax Bureau for payment of the back taxes. However, as a $55 reinstatement fee was never paid, the corporate status of Matty's Superservice was never legally reinstated.

Matty's Superservice defaulted on the loan interest payments and in January 1986 this action was commenced to foreclose on the mortgage given as security. In response thereto, the Cotromanos raised the defenses of civil and criminal usury.

The Supreme Court, Nassau County, granted an interlocutory judgment of foreclosure in favor of the plaintiff, finding that Matty's Superservice was a de facto corporation and that the loan's rate of interest did not constitute civil or criminal usury. We affirm.

The general rule is that where a corporate term of existence has expired but the corporation carries on its affairs and exercises corporate powers as before, it is a de facto corporation (see, Garzo v Maid of Mist Steamboat Co., 303 NY 516). In the case at bar, Matty's Superservice carried on the same mode of operation from the date it was incorporated in 1972 up to and including the time of the trial. As such, it is deemed a de facto corporation and the $60,000 loan was therefore made to a corporation. Furthermore, the appellants have failed to establish that the loan was made for personal, and not corporate, purposes. Therefore, even though the rate of interest on the instant loan exceeded 16% (see, General Obligations Law § 5-501), the appellants are precluded from asserting the defense of civil usury (see, General Obligations Law § 5-521; Schneider v Phelps, 41 NY2d 238, 242).

As an alternative argument, the appellants contend that (1) the defense of criminal usury is available to a corporation and (2) the effective rate of interest received by the lender in the instant case exceeded 25% and thus constituted criminal usury (Penal Law §§ 190.40, 190.42). We disagree. The record indicates that the $2,100 payment to the plaintiff at closing was an advance payment of two months' interest and cannot be deemed a discount as set forth in *Band Realty Co. v North Brewster* (37 NY2d 460) and *Hammelburger v Foursome Inn Corp.* (76 AD2d 646, *mod* 54 NY2d 580).

We have reviewed the appellants' remaining arguments and find them to be without merit *(see, King v American Home Sales Corp.,* 15 AD2d 932, *affd* 13 NY2d 780; *Michaelson v Sardu,* 258 App Div 91). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.