■ ANDREW P. DE GEORGE, Appellant, v ALBERT YUSKO, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Best, J.), entered September 29, 1989 in Schenectady County, which denied plaintiff's motion for summary judgment.

Defendant, the president and sole shareholder of Le Vison

Care Products, Inc. (hereinafter Le Vison), entered into an agreement to sell plaintiff 39% of the outstanding shares of the corporation's stock for $40,000. An addendum to the agreement further ensured plaintiff management authority and that he would eventually attain the position of chief administrative officer. Although plaintiff made a $10,000 downpayment, he never paid the balance. In August 1983, some seven months after the parties executed the agreement and after plaintiff had become the chief administrative officer, Le Vison's assets were liquidated at a Sheriff's sale. Plaintiff instituted this action to recover the downpayment; defendant counterclaimed for the $30,000 unpaid balance.

After limited discovery, plaintiff learned that Le Vison had been dissolved by proclamation of the Secretary of State on December 19, 1978 for nonpayment of franchise taxes (see, Tax Law § 203-a). Plaintiff thereupon brought this motion for summary judgment on the theory that since Le Vison was dissolved at the time he executed the stock purchase agreement, the bargain lacked consideration. Defendant did not dispute the dissolution, but attests that Le Vison was completely inactive from 1975 until 1979, that he was simply unaware that it had any outstanding tax obligation during this period, and that in 1979 when Le Vison resumed normal operations it purportedly met its tax obligations. Defendant submitted copies of Le Vison's tax returns and related documents for the years of 1979 through 1982 in support of this latter contention that the corporation colorably complied with relevant tax statutes. In denying plaintiff summary judgment, Supreme Court observed that there was a question of fact as to whether a de facto corporation existed at the time of the agreement between the parties. We affirm the order, but for a different reason.

Generally, when a corporate term expires, the corporation continues its affairs and exercises powers as before, and no one but the State may question its corporate existence (13 NY Jur 2d, Business Relationships, § 78, at 345; see, Garzo v Maid of Mist Steamboat Co., 303 NY 516). When, however, the corporation has been dissolved for neglecting to pay requisite franchise taxes, absent subsequent reinstatement—achievable by payment of unpaid franchise taxes, penalties and interest charges (Tax Law § 203-a [7])—de facto corporateness is usually not recognized (Henn and Alexander, Laws of Corporations § 144, at 341 [3d ed]; see, Lorisa Capital Corp. v Gallo, 119 AD2d 99, 110).

In New York, a corporation, during its delinquency and

until it receives retroactive de jure status, is essentially legally dead and has no de facto existence; accordingly, it is no longer permitted to sue or be sued, except as specifically permitted by statute *(Brady v State Tax Commn.,* 176 Misc 1053, 1055, *affd* 263 App Div 955, *affd* 289 NY 585). This is so because delinquent corporations fail to satisfy an element of de facto recognition, namely, colorable compliance with "statutes requiring the payment of franchise taxes for the privilege of conducting business in the corporate form" *(Lorisa Capital Corp. v Gallo, supra,* at 111). As defendant's evidence does not demonstrate a bona fide attempt to satisfy Tax Law § 203-a (7), the reinstatement provision of the Tax Law, Le Vison enjoyed no corporate existence after its dissolution in 1978 *(see, Lorisa Capital Corp. v Gallo, supra).*

Plaintiff maintains that because Le Vison lacked corporate existence, the stock purchase agreement was devoid of consideration. On this record, we are unpersuaded, for the contract addendum further provided that plaintiff would have management authority and eventually become chief administrative officer of Le Vison. Whether this guaranteed future employment, coupled with the uncontroverted allegation in defendant's affidavit and verified answer to the effect that shortly after executing the addendum and becoming the chief administrative officer plaintiff transferred Le Vison's accounts and applied its receivables to a company formed by plaintiff, constitutes sufficient consideration for the agreement presents a material triable question of fact.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.