■ In the Matter of the Arbitration between INTELLIGENT BANK MANAGEMENT, INC., Appellant, and EAST COAST FINANCIAL CORPORATION, Respondent. [616 NYS2d 618] —Order, Supreme Court, New York County (Edith Miller, J.), entered February 23, 1994, which denied petitioner's motion to stay arbitration between the parties, unanimously affirmed, without costs.

While an arbitrator should decide any issue of whether or not a "meeting of the minds" occurred between the parties (Matter of Fener Realty Co. [NICO Constr. Co.], 182 AD2d 436, 437), the IAS Court itself properly decided the issue of capacity to contract since an issue of public policy is involved (cf., Matter of Prinze [Jonas], 38 NY2d 570, 576).

The IAS Court wrongly concluded that respondent is enti-

tled to rely on the "winding up" provision of Business Corporation Law § 1006 (a) since rather than winding up, it entered into a new business relationship with petitioner at a time when its corporate status had lapsed due to non-compliance with unspecified provisions of Nevada corporations law. Respondent was not exercising a right or remedy existing as of its dissolution *(see, Matter of 172 E. 122 St. Tenants Assn. v Schwarz,* 73 NY2d 340, 349). All the same, the fact that the respondent corporation was dissolved in another State is of no moment, as it continues as a *de facto* corporation *(see, National Bank v Paskow,* 75 AD2d 568, 569, *affd* 53 NY2d 953). Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.