OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUE
Two be or not to be. A dispute over the rights by two differ *741 ent parties to use an identical corporate name granted by the New York State Secretary of State on different dates under Business Corporation Law § 403 and Tax Law § 203-a. That is the legal question. Which takes priority — where and when? A novel issue of law and equity!
B. PROCEDURAL HISTORY AND FACTS
Plaintiff H.E.G. Development & Management Corp.’s (hereinafter HEG2) CPLR 6301 motion for a preliminary injunction, to stay Civil Court proceedings and to substitute Naomi Blumberg as a party defendant in the action entitled Jaffee v H.E.G. Dev. & Mgt. Corp. (hereinafter HEGT) (Sup Ct, NY County, index No. 115307/96) and defendant’s CPLR 6301 cross motion for a preliminary injunction are consolidated for determination.
On June 28, 1980, the defendant caused a certificate of incorporation for HEG1 to be filed with the New York State Secretary of State. This corporation was formed to purchase, lease and manage property, including, but not limited to, 127 Second Avenue, 129 Second Avenue and/or 36 St. Mark’s Place. On June 21, 1991, HEG1 was dissolved by proclamation by the Secretary of State pursuant to Tax Law § 203-a, for failure to pay its corporate franchise taxes. HEG1, however, still continued to do business under its corporate name including bringing nonpayment summary proceedings in Civil Court, New York County, Housing Part: H.E.G. Dev. & Mgt. Corp. [HEG1] v Melvin (Civ Ct, NY County, L & T No. 87335/95) and H.E.G. Dev. & Mgt. Corp. [HEG1] v Matthews (Civ Ct, NY County, L & T No. 117390/96), and defending in the action entitled Jaffee v H.E.G. Dev. & Mgt. Corp. [HEG1] (Sup Ct, NY County, index No. 115307/96, supra).
On July 26, 1996, Ruth Baumann caused a certificate of incorporation for HEG2, plaintiff herein, to be filed with the New York State Secretary of State after a search revealed the name "H.E.G. Development & Management Corp.” was available. This corporation was formed to engage in the business of the dissemination and communication of sports information. The above (HEG2) certificate of incorporation was accepted by the Secretary of State on July 26,1996 under Business Corporation Law § 403.
c. parties’ contentions
Plaintiff alleges that HEG1 no longer has the right to do business in the State of New York under the name "H.E.G. *742 Development & Management Corp.”, and further use of that name will create confusion and possible irreparable harm to plaintiff.
Defendant alleges HEG1 is a de facto corporation because it continued to conduct business after the dissolution by proclamation by the New York State Secretary of State.
D. APPLICABLE LAW
A corporation is a legal entity created by the State and may be dissolved by the State, under Tax Law § 203-a (3) and § 217, and yet continue as a de facto corporation. (Matter of Intelligent Bank Mgt. [East Coast Fin. Corp.], 207 AD2d 760 [1st Dept 1994]; see also, National Bank v Paskow, 75 AD2d 568, 569 [1st Dept 1980], affd 53 NY2d 953 [1981].) Ordinarily, no one but the State of New York may question its existence. (14 NY Jur 2d, Business Relationships, §§ 143, 144.) However, a corporation which continues to conduct new business after dissolution by the State may also be a de facto corporation, by holding itself out to the outside world as a legally incorporated company, as to those parties with which it conducted business. (D & W Cent. Sta. Alarm Co. v Copymasters, Inc., 122 Misc 2d 453 [Civ Ct, Queens County 1983].) Therefore, as to those parties with which it conducted business, HEG1 is a de facto corporation, and entitled to continue to conduct such business as it did before the filing of HEG2’s certificate of incorporation.
E. ANALYSIS AND FINDINGS
Thus, applying the above-stated principles, upon subject facts, in the interest of justice and equity, plaintiff’s CPLR 6301 motion for a preliminary injunction is granted only to the extent of preventing defendant, Naomi Blumberg, as HEG1, from: (1) initiating any new court action or special proceeding from the date of service of a true copy of this court’s order with notice of entry, pending further court order; and (2) using the name, "H.E.G Development & Management Corp.” in connection with any educational or sports publication upon the condition plaintiff duly file an undertaking, under CPLR 6312 (b) in the sum of $10,000 within 30 days hereof; otherwise denied.
Defendant’s CPLR 6301 cross motion for a preliminary injunction is granted only to the extent of prohibiting plaintiff HEG2: (1) from interfering with or taking part in the business of HEG1, including but not limited to any court action or special proceedings commenced prior to plaintiff’s service of a *743 true copy of this court’s order with notice of entry, including, but not limited to: (a) H.E.G. Dev. & Mgt. Corp. [HEG1] v Melvin (Civ Ct, NY County, L & T No. 87335/95, supra); (b) H.E.G. Dev. & Mgt. Corp. [HEG1] v Matthews (Civ Ct, NY County, L & T No. 117390/96, supra); and (c) Jaffee v H.E.G. Dev. & Mgt. Corp. [HEG1] (Sup Ct, NY County, index No. 115307/96, supra); (2) exercising any control over, interfering with or taking part in the ownership interest of real property known as 127 Second Avenue, 129 Second Avenue and/or 36 St. Mark’s Place, New York, New York; (3) discharging or releasing Patricia Melvin from any and/or all obligations she may have to HEG1; and (4) confessing to any order, directive or monetary judgment against HEG1 upon the condition defendant duly file an undertaking, under CPLR 6312 (b) in the sum of $10,000 within 30 days hereof; otherwise denied.
F. CONCLUSION
Accordingly, for the above reasons, both plaintiff’s and defendant’s CPLR 6301 motions are granted upon the above-specified conditions; otherwise denied.