L–TEC ELECTRONICS CORPORA-
TION, Plaintiff–Appellant,

v.

COUGAR ELECTRONIC
ORGANIZATION, INC.
Defendant,

Sol Mayer and Dan Reich, individually
and d/b/a Cougar Electronic Organi-
zation, Defendants–Appellees.

Docket No. 99–7253

United States Court of Appeals,
Second Circuit.

Argued: Oct. 20, 1999

Decided: Nov. 30, 1999

Lawrence M. Rosenstock (Lon J. Seidman on the brief) Tenzer Greenblatt, LLP New York, N.Y. for Plaintiff–Appellant

Scott Krinsky, Backenroth & Grossman, LLP New York, N.Y. for Defendants–Appellees

Before: WALKER, McLAUGHLIN, and CABRANES, Circuit Judges.

PER CURIAM.

Plaintiff-appellant L–Tec Electronics Corporation ("L–Tec") appeals from the following orders of the United States District Court for the Eastern District of New York (I. Leo Glasser, *District Judge*): (1) the April 23, 1998 order granting the motion by defendants-appellees Sol Mayer and Dan Reich ("the individual defendants") for summary judgment; and (2) the December 14, 1998 order dismissing L–Tec's amended complaint on the ground that it was barred by *res judicata*. Because we find L–Tec's arguments unavailing, we affirm the district court's orders.

## BACKGROUND

L–Tec sold electronic goods to defendant Cougar Electronic Organization ("Cougar"), whose principal officers were the individual defendants. Cougar was temporarily dissolved by proclamation of the New York Secretary of State on September 27, 1995, for failure to pay franchise taxes. The individual defendants later arranged for the back taxes to be paid and took other necessary steps to have the corporation reinstated, which occurred on February 10, 1998. L–Tec delivered certain of the goods, accompanied by invoices, to Cougar while it was in dissolution. In 1997, after Cougar refused to pay for those goods, L–Tec sued Cougar in federal court, alleging diversity jurisdiction. Because some of the deliveries took place during Cougar's dissolution, L–Tec also sued the individual defendants, alleging that they were personally liable.

By order dated April 23, 1998, the district court granted the individual defendants' motion for summary judgment. The court relied principally on *Prentice Corp. v. Martin*, 624 F.Supp. 1114 (E.D.N.Y.1986), in which Judge Nickerson interpreted New York law to preclude personal liability for individual officers on obligations undertaken in the name of a dissolved corporation once its corporate status was restored. L–Tec's claims against the corporation itself survived and the remaining parties proceeded with discovery.

Shortly after dismissal of L–Tec's claims against the individual defendants, counsel for L–Tec became aware of facts that he says demonstrated that Cougar had never followed corporate formalities and that Mayer and Reich had been transacting business through an unincorporated entity called "Cougar Electronic Organization." L–Tec then amended its complaint to assert new claims against the individual defendants. On December 14, 1998, the district court dismissed the amended complaint as barred by *res judicata*. Plaintiff obtained from the district court an order pursuant to Fed.R.Civ.P. 54(b) directing the entry of a final judgment with respect to the court's two orders dismissing L–Tec's claims against Mayer and Reich. This appeal followed.

## DISCUSSION

We consider two issues on appeal: (1) whether the district court erred in granting summary judgment to the individual defendants based on its conclusion that, under New York law, reinstatement of a corporation relieves officers of any potential personal liability for actions taken in the corporation's name during the period when its corporate status had lapsed; and (2) whether the district court erred in dismissing plaintiff's amended complaint on

*res judicata* grounds. Finding no error, we affirm the judgment of the district court.

## I.  *Grant of Summary Judgment*

■ The district court properly interpreted New York law in determining that the corporate officers could not be held liable individually and thus granting summary judgment in their favor on the original complaint. In deciding a disputed issue of state law in a diversity case, a federal district court should attempt to discern what the highest court of that state would decide. *See In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 850 (2d Cir.1992). If there is no decision of the highest court directly on point, the district court may look to any sources on which that state court might rely, including lower state court decisions. *See Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir.1994).

■ Here, the district court properly subscribed to the analysis of New York case law in *Prentice*, a federal case with analogous facts. In that case, Judge Nickerson found strong indicators in the law of New York that officers should not be held personally liable under circumstances such as those presented in this case. *See Prentice*, 624 F.Supp. at 1115–16. For example, the New York Court of Appeals has stated: "[W]here … a corporation carries on its affairs and exercises corporate powers as before, it is a *de facto* corporation … and ordinarily no one but the state may question its corporate existence." *Garzo v. Maid of the Mist Steamboat Co.*, 303 N.Y. 516, 524, 104 N.E.2d 882 (1952) (internal quotation marks omitted). Further, as Judge Nickerson recognized, a person who deals with a *de facto* corporation cannot later deny its existence and proceed against its officers personally. *See Prentice*, 624 F.Supp. at 1115 (citing *Sacks v. Anne Realty Co.*, 131 Misc. 117, 225 N.Y.S. 370, 372 (1927)).

■ We are not persuaded by L–Tec's arguments for rejecting Judge Nickerson's analysis. It is well established in New York that a company lacking formal corporate status but nonetheless operating as a corporation may be considered a *de facto* corporation and those who treat the entity as a corporation in regular business dealings may not later deny its corporate status. *Cf. Judarl LLC v. Cycletech Inc.*, 246 A.D.2d 736, 667 N.Y.S.2d 451, 452 (3d Dep't 1998) (parties dealing with a *de facto* corporation are estopped from avoiding their obligations to it). Moreover, we see convincing signs in New York case law that a company dissolved for failure to pay franchise taxes can be considered a *de facto* corporation. *See, e.g., Ludlum Corp. Pension Plan Trust v. Matty's Superservice, Inc.*, 156 A.D.2d 339, 548 N.Y.S.2d 292, 293 (2d Dep't 1989); *National Bank v. Paskow*, 75 A.D.2d 568, 427 N.Y.S.2d 262, 264 (1st Dep't 1980). There are some Appellate Division cases that hold that a corporation dissolved for failure to pay taxes has no *de facto* existence. *See De George v. Yusko*, 169 A.D.2d 865, 564 N.Y.S.2d 597, 598 (3d Dep't 1991); *Lorisa Capital Corp. v. Gallo*, 119 A.D.2d 99, 506 N.Y.S.2d 62, 71 (2d Dep't 1986). However, even those cases recognize that where the corporation later pays its taxes and is reinstated, its corporate status is restored *nunc pro tunc*, and any contracts into which it may have entered are retroactively validated. *See De George*, 564 N.Y.S.2d at 598; *Lorisa*, 506 N.Y.S.2d at 72. Thus, the district court did not err when it held that reincorporation relieved the individual defendants of any personal liability on the purchases from L–Tec.

## II.  *Dismissal of Amended Complaint*

■ The district court also properly dismissed plaintiff's amended complaint as precluded by principles of *res judicata*. The doctrine of *res judicata*, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a

88

final judgment on the merits. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir.1992). Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence. *See id.* at 38–39. *Res judicata* applies even where new claims are based on newly discovered evidence, unless "the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir.1991) (citing *Guerrero v. Katzen*, 774 F.2d 506, 508 (D.C.Cir.1985)).

■ Applying these principles here, the claims in L–Tec's amended complaint are plainly barred by *res judicata*. All of the new claims arise out of the same factual predicate as the original claims: L–Tec's sales of electronic goods to Cougar pursuant to a series of specific invoices. The new claims are based on different legal theories rather than different facts and, accordingly, could have been raised in the original complaint.

Plaintiff's discovery of additional facts following entry of summary judgment does not block the application of *res judicata*. The facts and events themselves arose prior to the filing of the original complaint—it was only L–Tec's awareness of these facts that came later. Thus, claim preclusion applies unless the facts were fraudulently concealed or could not have been discovered earlier through plaintiff's due diligence. No showing has been made that the individual defendants actively concealed either the existence of the non-corporate entity through which they were supposedly acting or Cougar's alleged absence of corporate formalities. Moreover, L–Tec could have ascertained this information through due diligence, including pre-filing investigation or discovery upon the original complaint. Indeed, it was plaintiff's diligence that uncovered the lapse in Cougar's corporate status in the first place.

## CONCLUSION

For the foregoing reasons, we affirm the district court's orders: (1) granting summary judgment to the individual defendants; and (2) dismissing L–Tec's amended complaint on *res judicata* grounds. The judgment of the district court is affirmed.