SUMMARY ORDER
Plaintiff-appellant Roberto Beras appeals, pro se, from a judgment of the District Court dismissing his complaint against the four attorneys and two law firms responsible for representing him and his co-defendants in criminal proceedings that resulted in his conviction for money laundering. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) because, inter alia, Beras’s action was barred by the doctrine of res judicata. See Orders filed Sept. 11, 2006 and Apr. 9, 2007; Judgment filed Sept. 11, 2006. On appeal, Beras challenges the District Court’s determination that the instant action is barred by res judicata. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
On January 28, 2001, Beras was convicted of multiple counts of money laundering following a trial by jury, during which he was represented by Charles A. Ross. See United States v. Dinero Express, Inc., 57 Fed.Appx. 456, 457 (2d Cir.2002). Beras then filed an action on November 14, 2003 (the “2003 Action”) in the Southern District of New York (Charles L. Brieant, J.) against Ross for legal malpractice, breach of fiduciary duty, breach of contract, and fraud.
Adopting the report and recommendation of a magistrate judge, the District Court dismissed the complaint because (1) the “malpractice claim fail[ed] at the outset as [Beras] has not secured a reversal of his criminal conviction [as required by New Yoi'k law];” (2) “[Beras] fail[ed] to show that [Ross] breached his fiduciary duty;” (3) the' breach of contract claim was “not supported by any facts in the record” and was “completely without merit;” and (4) because Beras “simply repealed] his [breach-of-duty] claims” as the basis for his fraud claim, his pleadings were “insufficient to support a claim of fraud.” Beras appealed the dismissal of his complaint, and on June 20, 2006, our Court dismissed his appeal “because it lack[ed] an arguable basis in fact or law.”
Three months later, Beras commenced the instant action (the “2006 Action”) against Ross, Ross’s law firm, the attorneys representing Beras’s co-defendants, and one of them law firms. He alleged legal malpractice, a violation of his due process rights, breach of fiduciary duty, breach of contract, and fraud, all arising from the criminal proceedings that resulted in his 2001 conviction.
Because the 2006 Action constitutes an attempt to relitigate issues that were or could have been raised in the 2003 Action, it is barred by the doctrine of res judicata. See Rivet v. Regions Bank, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Res judicata applies when “1) the previous action involved an adjudication on the merits; 2) the previous action involved the [same parties] or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have béen, raised in the prior action.” Monahan v. New York City Dep’t of Corrections, 214 F.3d 275, 285 (2d Cir.2000). Each of these elements has been satisfied here.
First, as described above, the 2003 Action was dismissed on the merits.
Second, Beras and Ross were parties to the 2003 action, and Ross is in privity with his former law firm, see, e.g., Headwaters *355 Inc. v. United States Forest Serv., 399 F.3d 1047, 1053 (9th Cir.2005) (“Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest, chiefly: co-owners and co-tenants of property; ... corporations and their officers or shareholders; partners and their partnerships; and unincorporated associations and their members”)- The remaining defendants are also in privity with Ross in light of the allegation set forth in the complaint that all the defendants agreed to be “the attorney[s] for all [the criminal] defendants” in the underlying prosecution. Compl. ¶ 17. Insofar as all defendants are alleged to have been co-counsel for the purposes of that case and all of them were “known by [Beras] at the time of the first suit,” they have “a sufficiently close relationship to the original defendant to justify preclusion” here. Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa SA., 56 F.3d 359, 367-68 (2d Cir.1995).
Third, even though Beras contends that the 2006 Action involves facts of which he was unaware when he brought the 2003 Action, he does not claim that those facts were fraudulently concealed from him or that they would not have been uncovered by due diligence. As we have held previously, “[r]es judicata applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence.” L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir.1999) (internal quotation marks omitted).
Accordingly, the 2006 Action is barred by res judicata, and for that reason, we AFFIRM the judgment of the District Court.