GLD-285                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2718
_____

DEREK N. JARVIS,
                                    Appellant

v.

ANALYTICAL LABORATORY SERVICES;
ENTERPRISE LEASING COMPANY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00574 )
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2012)
_____

OPINION
_____

PER CURIAM

Derek Jarvis, a *pro se* litigant proceeding *in forma pauperis*, appeals the District

Court's orders dismissing his complaint as barred by the doctrine of *res judicata* and

denying his motion for reconsideration. We agree with the District Court's conclusions regarding the application of *res judicata* in this matter. Because the appeal is without legal merit and presents no substantial issue, we will summarily affirm the District Court's orders.

## I

The District Court dismissed Jarvis' complaint on *res judicata* grounds, citing two prior cases that involve the same defendants and arise from the same set of facts. Jarvis initially filed suit in 2007 in the United States District Court for the District of Maryland against his former employer and defendant in this action, Enterprise Leasing Company ("Enterprise"). In that action, he alleged workplace discrimination and retaliation on the basis of events that occurred during the course of his employment from 2000 to 2007. The District Court granted summary judgment in favor of Enterprise, the Court of Appeals for the Fourth Circuit affirmed, and the Supreme Court of the United States denied Jarvis' petitions for writ of certiorari and for a rehearing. See Jarvis v. Enterprise Fleet Servs. and Leasing Co., No. 07-cv-3385, 2010 WL 1068146 (D. Md. Mar. 17, 2010), aff'd, 408 Fed. App'x. 668 (4th Cir. ), cert. denied, 131 S. Ct. 3076 (2011) and reh'g denied, 132 S. Ct. 63 (2011).

While that lawsuit was pending, Jarvis applied for work with Analytical Laboratory Services ("Analytical"), the other defendant in this case. When Analytical failed to get back to him, he lodged a discrimination claim with the EEOC. After receiving the requisite right-to-sue letter from the EEOC, he filed a complaint in the United States District Court for the District of Maryland, alleging that Analytical had

2

discriminated against him. The District Court granted summary judgment in that action, the Court of Appeals for the Fourth Circuit affirmed, and the Supreme Court of the United States denied Jarvis' petition for writ of certiorari. See Jarvis v. Analytical Lab. Servs., Inc., No. 10-cv-1540, 2011 WL 3680257 (D. Md. Aug. 19, 2011), aff'd, 459 Fed. Appx. 292 (4th Cir. 2011), cert. dismissed, 132 S. Ct. 1747 (U.S. Mar. 19, 2012).

Jarvis filed this lawsuit on March 29, 2012. In his complaint he alleged that Enterprise "blacklisted" him in retaliation for his race discrimination case against them and that Analytical did not hire him as retaliation for the complaint that he had filed against Enterprise. The District Court dismissed Jarvis' claims with prejudice on the basis that the claims arose from the same set of facts as those in the two prior lawsuits and are therefore barred by the doctrine of *res judicata*. Jarvis filed a timely motion for reconsideration that the District Court denied.

**II**

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the application of *res judicata*. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009).

The doctrine of *res judicata* bars a plaintiff who has received a final judgment on the merits in an action from litigating another suit against the same parties based on the same cause of action. See CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999). The Court takes a broad view to determine if two suits are based on the

_____

[1] In reviewing this matter, we have carefully considered the District Court record, as well as the brief and response that Jarvis filed in this Court.

3

same cause of action, "looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" Id. (quoting United States v. Athlone Indus., 746 F.2d 977, 984 (3d Cir. 1984)).

Jarvis asks this Court if a complaint can be barred by *res judicata* when the complaint is not identical to that in the earlier action. The answer is yes. As the District Court properly noted, *res judicata* bars not only those claims that were brought in a prior suit, but also those claims that could have been brought. See Elkadrawy, 584 F.3d at 172–74. Accordingly, the complaints need not be identical. For the same reason, the mere inclusion of a new cause of action in a subsequent complaint will not rescue a lawsuit from *res judicata* where the underlying events that give rise to the new allegations are essentially the same as those in the earlier action.

Scrutiny of the three complaints and accompanying exhibits leaves no doubt that this action arises from the same set of facts as those in the earlier cases.[2] A review of the lengthy dockets in the prior actions makes it abundantly clear that Jarvis had a full and fair opportunity to litigate this matter in the District of Maryland, and that the District Court reached a final determination on the merits in each case. Accordingly, the District Court correctly applied the doctrine of *res judicata* to dismiss this case.

## III

The District Court also properly denied Jarvis' motion to reconsider. We review the District Court's denial of the motion to reconsider for abuse of discretion. See

---

[2] The District Court took judicial notice of the prior proceedings for the purposes of screening the complaint. See June 4, 2012 Memorandum, Dkt. 7, n.1. Accordingly, we review those complaints as part of the record.

4

generally <u>Koshatka v. Philadelphia Newspapers, Inc.</u>, 762 F.2d 329, 333 (3d Cir. 1985). In support of the motion to reconsider, Jarvis argued that the District Court erred in its determination that the alleged retaliation occurred on June 8, 2008 because the administrative charge associated with the claim was filed in 2011. The Charge of Discrimination form that Jarvis submitted to the EEOC regarding the retaliation claim, however, explicitly states that the alleged retaliatory discrimination took place between April 18, 2007 and June 8, 2008. <u>See</u> Complaint, Dkt. 1 at 19. In addition, Jarvis' complaint states that Analytical "engaged in retaliatory Blacklisting, [*sic*] when it rejected Plaintiff from employment based on his complaint against former employer [Enterprise] for wage bias, race discrimination and retaliatory discharge." <u>Id.</u> at 3. On the face of Jarvis' own submissions, the retaliation claim arises from Analytical's rejection of Jarvis' application for employment in 2008—the same event around which the prior litigation against Analytical was centered.

To the extent that Jarvis is attempting to argue that he did not discover the alleged blacklisting until early 2011, when he claims Analytical raised a "blacklisting defense" in their summary judgment motion, he failed to provide any meaningful support for that argument. Newly discovered evidence does not prevent the application of *res judicata* unless it was either fraudulently concealed or it could not have been discovered with due diligence. <u>See, e.g.</u>, <u>L-Tec Electronics Corp. v. Cougar Elec. Org., Inc.</u>, 198 F.3d 85, 88 (2d Cir. 1999). Jarvis has failed to show that such circumstances are present here. Accordingly, the District Court did not abuse its discretion in denying Jarvis' motion to reconsider.

**IV**

Based on the foregoing, we will affirm the judgment entered by the District Court.