**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2004
_____

GINA RUSSOMANNO,
                                    Appellant

v.

DAN DUGAN; JENNA YACKISH; TREVOR VOLTZ; ERIC WEEDON;
SUNOVION PHARMACEUTICALS, INC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-20-cv-12336)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2021

Before:  AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed September 8, 2021)
_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Gina Russomanno appeals from the District Court's order granting the defendants' motion to dismiss her complaint. For the following reasons, we will affirm.

I.

Russomanno worked in a sales role for Sunovion Pharmaceuticals, Inc. from 2016 until she was terminated in January 2019. She alleges that she was placed on a Performance Improvement Plan prior to her termination pursuant to a newly implemented policy that required any salespersons who did not reach 100% of their sales goals during any of the previous eight fiscal quarters to be placed on such a plan. She alleges that the policy was a pretext for discrimination, especially in light of documented inaccuracies in sales data.

In January 2019, Russomanno filed a first lawsuit against Sunovion and another company for wrongful termination. The defendants in that suit removed the case from the Superior Court of New Jersey to federal court. In May 2020, the District Court granted the defendants' motion to dismiss with prejudice. Russomanno did not appeal.

In July 2020, Russomanno filed this lawsuit against Sunovion and four of its employees and directors in the Superior Court of New Jersey.[1] These defendants also

_____

[1] It is not clear whether Russomanno intended that another Sunovion executive, Jeffrey Aromando, be added as a defendant in her amended complaint. Regardless, Aromando was never served and never appeared, and the possibility that she wished to include him

2

removed to federal court.  Russomanno then filed an amended complaint identifying claims for alleged discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Equal Pay Act of 1963, the New Jersey Law Against Discrimination ("NJLAD"), and New Jersey's Diane B. Allen Equal Pay Act.[2]  See 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623; 29 U.S.C. § 206(d); N.J. Stat. Ann. 10:5-12.  The District Court granted the defendants' motion to dismiss with prejudice based on res judicata.  Russomanno appeals.[3]

---

as a defendant does not affect our jurisdiction.  See United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

[2] Russomanno also outlined a claim based on a proposed federal act, but later conceded that the bill remained pending in Congress.  The District Court properly dismissed the claim on that basis.  Opinion 4 n.3, ECF No. 49.

[3] In her reply brief, Russomanno asks that we disregard the defendants' brief as overlong and untimely.  It is neither.  Under Federal Rule of Appellate Procedure 32, a brief is acceptable if it complies with either the page limitation of Rule 32(a)(7)(A) or the type-volume limitation of Rule 32(a)(7)(B).  The defendants' counsel accurately certified that their brief complied with the type-volume limitation.  Def.'s Br. 34, 3d Cir. ECF No. 11.

The defendants' brief was timely filed pursuant to the Briefing and Scheduling Order and Federal Rule of Appellate Procedure 26.  The Order required that the defendants' brief be filed and served within 30 days of service of Russomanno's brief.  3d Cir. ECF No. 4 at 1.  Russomanno filed and served her brief on June 4, 2021, by first class mail.  Under these circumstances, Rule 26(c) applies and "3 days are added" to the defendants' time to respond "after the period would otherwise expire under 26(a)."  Fed. R. App. P. 26(c).  Here, the 30 days would have otherwise expired under Rule 26(a) on July 6.  Under Rule 26(c), three days are added beyond that date and the defendants timely filed their brief on July 8.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the application of res judicata. See Elkadrawy v. Vanguard Grp., 584 F.3d 169, 172 (3d Cir. 2009). We review de novo a District Court's determination that amendment would be futile. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

"Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010). A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). "In evaluating whether those elements exist, we do not proceed mechanically, 'but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit.'" Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quoting Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 277 (3d Cir. 2014)). To avoid piecemeal litigation, "[t]he doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

4

III.

Russomanno does not (and cannot) meaningfully dispute that her prior lawsuit resulted in a final judgment on the merits, but she contests the two remaining elements of res judicata.[4]  To determine whether both lawsuits are based on the same cause of action, we look not to "the specific legal theory invoked," but to the "*essential similarity* of the underlying events giving rise to the various legal claims."  Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010) (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 983-84 (3d Cir. 1984)).  We consider the following factors: "(1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the *material* facts alleged are the same."  Id. (quoting Athlone, 746 F.2d at 984).  Because these are factors rather than strict requirements, "[a] mere difference in the theory of recovery is not dispositive."  Lubrizol, 929 F.2d at 963; see Athlone, 746 F.2d at 984.

While Russomanno's first suit was grounded in contract principles and this action is based on federal and state anti-discrimination statutes, the underlying acts and material facts that she alleged, and the evidence that she would need to prove her claims, are

---

[4] "A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims."  Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020) (quoting Landon v. Hunt, 977 F.2d 829, 832-33 (3d Cir. 1992)).

5

overwhelmingly alike. In both lawsuits, Russomanno complained of the circumstances surrounding her placement on a Performance Improvement Plan and subsequent termination. Given this essential similarity, this case involves the same cause of action as Russomanno's first action. See Sheridan, 609 F.3d at 239; Cieszkowska v. Gray Line New York, 295 F.3d 204, 206 (2d Cir. 2002) (per curiam) (determining that an employee's wrongful discharge and national origin discrimination suits involved the same factual predicate for res judicata purposes); cf. Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 339 (7th Cir. 1995) (noting previous holding that res judicata bars an employee's breach of contract action arising from the same events as a prior age discrimination suit).[5]

Russomanno argues that she could not have brought her discrimination claims in the first lawsuit because those claims are informed by a line in one of Sunovion's filings

---

[5] Russomanno contends that New Jersey's entire controversy doctrine would not bar her suit, relying on our decision in Bennun v. Rutgers State University. 941 F.2d 154, 163 (3d Cir. 1991), abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515–16 (1993). While she admits that the entire controversy doctrine does not apply here, she reasons that because that doctrine is broader and "more preclusive than" res judicata, Kozyra v. Allen, 973 F.2d 1110, 1112 (3d Cir. 1992), res judicata cannot bar what the entire controversy doctrine permits. That transitive logic is questionable, and our Bennun decision did not adopt the principle that Russomanno invokes. While the District Court in that case "held the entire controversy doctrine did not foreclose any of Bennun's federal actions because" his earlier state lawsuit "sought relief relating solely to the employment agreement and not as to protection of Bennun's [c]onstitutional and [c]ivil rights," we did not endorse that reasoning and expressly relied "on a different rationale" not applicable here. Bennun, 941 F.2d at 163 (internal quotation marks omitted).

in that action. Within a statement of facts, Sunovion, citing Russomanno's complaint, stated that after she was "placed in a new sales territory with different management," her "new management implemented" the eight-quarter policy. Sunovion's Mem. of Law in Supp. of Mot. to Dismiss 2, <u>Russomanno v. Sunovion</u>, D.N.J. 3:19-cv-05945, ECF No. 33. Russomanno interprets this as "testimony" that the eight-quarter policy was limited to her regional sales team, rather than the entire Sunovion sales department. She alleges that she was previously unaware of that limitation, which she argues is key to her discrimination claims because the effect of the policy was thus limited to the few members of her team with sufficient tenure.

We do not appear to have addressed in a precedential opinion whether newly discovered evidence can constitute an exception to res judicata. But other courts have recognized such an exception only where the newly discovered evidence was either fraudulently concealed or could not have been discovered with due diligence. <u>See, e.g.</u>, <u>L-Tec Electronics Corp. v. Cougar Elec. Org., Inc.</u>, 198 F.3d 85, 88 (2d Cir. 1999). Here, Russomanno relies on her debatable interpretation of a line in a legal brief as new evidence. While Russomanno reassessed her previous assumption about the scope of the policy, she has not shown that the defendants concealed the nature of the policy or that she investigated with due diligence. Furthermore, Russomanno expressly alleged in the first lawsuit that the eight-quarter policy had been applied in a discriminatory manner. Suppl. App'x 151. While she may view the allegations in her new complaint as stronger

7

and more complete, she could have brought discrimination claims in her first action.  See Mullarkey, 536 F.3d at 225; Elkadrawy, 584 F.3d at 174 (explaining that allegations of "several new and discrete discriminatory events" did prevent application of res judicata).

Turning to the remaining element of res judicata, the identity of the parties, Russomanno named Sunovion as a defendant in both suits.  The District Court determined that the individual defendants were in privity with Sunovion.  Privity is "merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata."  E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990) (quoting Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir. 1950) (Goodrich, J., concurring)); see Taylor v. Sturgell, 553 U.S. 880, 894 n.8 (2008).  "[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action."  Lubrizol, 929 F.2d at 966.  "[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants."  Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972).  Here, the allegations against the individual defendants exclusively concern matters within the course of their employment with Sunovion that were the subject of the Russomanno's first action.  In these circumstances, the relationship is sufficiently close and significant for the individual defendants to invoke res judicata.  See Lubrizol Corp. v. Exxon Corp., 871

8

F.2d 1279, 1288 (5th Cir. 1989) (explaining that most federal circuits have concluded that employer-employee relationships may ground a claim preclusion defense under similar circumstances).[6]

Res judicata thus bars Russomanno's claims, and the District Court did not err in determining that amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  We need not reach the other issues discussed by the District Court and the parties.

## IV.

Accordingly, we will affirm the judgment of the District Court.[7]

---

[6] Russomanno notes that the NJLAD provides for individual liability for aiding and abetting of violations and implies that the individual defendants therefore cannot invoke res judicata.  We disagree.  A difference in the theory of liability does not necessarily alter the close relationship between the defendants.  And Russomanno's aiding and abetting claims are deeply intertwined with her claims against Sunovion.  See Failla v. City of Passaic, 146 F.3d 149, 159 (3d Cir. 1998) ("[I]t is fundamental to aiding and abetting liability that the aider and abettor acted in relation to a principal."); Tarr v. Ciasulli, 853 A.2d 921, 929 (N.J. 2004).

[7] To the extent that Russomanno requested relief in her "Notice of Petition for Review," 3d Cir. ECF No. 10, the request is denied.