**Ruth Mary KELLEY, Plaintiff,**

v.

**The CITY OF NEW YORK et ano., Defendants.**

**No. CV–86–3720.**

United States District Court,
E.D. New York.

April 22, 1987.

---

Ruth May Kelley pro se.

Peter Zimroth, Corp. Counsel of City of New York, New York City by Robert Katz, for defendant City of New York HRA.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, by Lucas Andino, for defendant State of New York.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Plaintiff *pro se*, Ruth Kelley, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 to recover monetary damages for alleged violations of her civil rights by defendants, the City of New York (the "City") and the State of New York (the "State"). In lieu of an answer, the City has moved to dismiss the complaint for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6). The State has moved to dismiss on the ground that it is immune from suit under §§ 1983 and 1985.

In response to these motions, plaintiff has applied to amend her complaint pursuant to Rule 15. Accordingly, the Court will address itself to the allegations of the amended complaint.[1]

Plaintiff's action arises from her arrest on November 8, 1985, following an altercation with an Health and Human Resource Administration ("HRA") employee at a public assistance center. While plaintiff does not deny the altercation, she alleges that her rights were violated in two re-

---

**1.** Since plaintiff's application to file an amended complaint, the City has renewed its motion to dismiss. The State has not filed supplemental papers.

spects. First, plaintiff contends that the arresting officers, who are identified in the complaint but are not named as defendants, used excessive force in effecting her arrest. Specifically, plaintiff alleges that at least one of the officers jumped her from behind, bruising her ribs and causing her to smash her teeth together. Second, plaintiff contends that, while she was detained by the police, unidentified HRA officials, apparently with the knowledge and acquiescence of the police, "switched" the woman with whom she had argued, who was white, with another HRA employee, who was black. Although it is not clear why this was done or who authorized it, plaintiff appears to believe it was intended to make her look like a racist and thereby assure her conviction.

■ To prevail against a municipal corporation under § 1983, a plaintiff must show that a governmental policy or custom was responsible for the constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). While the policy or custom need neither be express or itself unconstitutional, *Fiacco v. City of Rensselaer*, 783 F.2d 319, 326 (2d Cir.1986), a policy or custom may not be established by evidence of a single, isolated act of excessive force by a non-policymaking employee. *City of Oklahoma v. Tuttle*, 471 U.S. 2427, 105 S.Ct. 2427, 2439–43, 85 L.Ed.2d 791 (1985). It is still the rule in this Circuit, however, that a policy or custom may be "inferred from acts or omissions of a municipality's supervisory officials serious enough to amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiff." *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 519 (2d Cir.1986). Such gross negligence or deliberate indifference may be demonstrated by evidence of inadequate training or the defendant's failure to adopt "appropriate procedures to deal responsibly with complaints of police brutality ... or to make reasonable investigations of such complaints." *Fiacco, supra*, 783 F.2d at 328.

■ While cluttered with extraneous materials and allegations, plaintiff's *pro se* complaint must be liberally construed and dismissed only if it appears "beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). The amended complaint here sets forth in adequate detail the circumstances of plaintiff's arrest and the officers' alleged use of excessive force. In addition, drawing upon plaintiff's personal asserted observation of alleged repeated instances of improper police methods in city public assistance centers, the complaint adequately pleads the existence of a municipal policy or custom of nonsupervision. Accordingly, under the liberal standards accorded *pro se* litigants, I conclude that plaintiff has stated a valid cause of action under § 1983 against the City.

■ The amended complaint, however, also alleges the existence of an amorphous conspiracy amongst HRA officials, the New York City police, and an unidentified municipal judge to secure a "racist" conviction against her. To state a cause of action under the conspiracy provisions of the Civil Rights Act, the complaint must allege a conspiracy with at least some degree of particularity. *Ellentuck v. Klien*, 570 F.2d 414, 426 (2d Cir.1978), *quoting Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir.1964). While the complaint alleges an overt act, namely, that the conspirators directed a black HRA employee to testify at her trial in place of the white employee with whom she had argued, the complaint fails to allege an agreement, identify a single individual who participated in the scheme, or aver any factual details concerning its inception or operation. Such speculative and conclusory allegations, in which plaintiff alternately shifts her suspicions from the police, to HRA officials, to the judge who fined her, are insufficient to state a claim even under the liberal standards accorded *pro se* civil rights litigants. Accordingly, plaintiff's § 1985(3) claim must be dismissed.

■ The amended complaint also names the State of New York as a defendant. The eleventh amendment, however, grants immunity to the states from suit in federal court. Thus, a state is not a "person" within the meaning of either § 1983, *Quern v. Jordan*, 440 U.S. 332, 338, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979), or § 1985(3), *True v. New York State Dep't of Correctional Services*, 613 F.Supp. 27, 31 (W.D.N.Y.1984), in a suit such as this one where plaintiff seeks retroactive monetary damages. Accordingly, the State defendant's motion to dismiss is granted.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.