**FREDERICK MUSIC COMPANY, Plaintiff,**

v.

**Don SICKLER, d/b/a Second Floor Music; joining Adam R. Levy as an indispensable party, Defendants.**

**No. 88 Civ. 4169 (JMW).**

United States District Court,
S.D. New York.

Feb. 17, 1989.

**554**

Oscar D. Washington, BMI, Ph.D., St. Louis, Mo., pro se.

Joseph Taubman, Feig & Taubman, New York City, for defendants.

Alan Shulman, Silverman, Shulman & Slotnick, New York City, for plaintiff.

## MEMORANDUM AND ORDER

WALKER, District Judge:

Plaintiff and defendant both claim sole ownership of the renewal copyrights in the song "Night Train" attributable to Jimmy Forrest's authorship. Petitioner Oscar Washington, a co-author of the song, has moved to intervene in this action. For the reasons stated below, petitioner's motion is denied.

Under Fed.R.Civ.P. 24(a)(2),[1] applicants may intervene as of right if they demonstrate: "(1) an interest in the subject matter of the action; (2) that the disposition of the action may, as a practical matter, impair that interest; (3) that the interest is not adequately represented by the existing parties; and (4) that the application is timely." *Guinness Mahon Cayman Tr. v. Windels, Marx, Et. Al.*, 684 F.Supp. 375, 379 (S.D.N.Y.1988).

The first three factors are "quite interwoven." *Id.* The Second Circuit set forth guidelines for determining what constitutes "interest" for purposes of intervenor in *Restor–A–Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984). Under these guidelines, the intervenor's interest must be "direct, as opposed to remote or contingent." *Id.* See also *Drew Ameroid Intern. v. M/V Green Star*, 681 F.Supp. 1056, 1058 (S.D.N.Y.1988).

In examining petitioner's motion, the Court is guided by the Supreme Court's mandate that *pro se* papers be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), as well as the Second Circuit's instructions that "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984).[2] "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90 (2d Cir.1983).

After granting petitioner considerable allowances due to his *pro se* status, and upon careful review of all submissions, the Court finds that he does not meet the requirements of the Rule 24(a)(2). Petitioner simply has no direct or protectable interest in this litigation which would require intervention as of right. Neither plaintiff nor defendant disputes that petitioner was one of the co-authors of the song and there presently exists no controversy concerning petitioner's authorship or status with respect to the song or any rights therein. The outcome of this action will not affect the rights of petitioner because this action

---

1. Rule 24(a)—*Intervention as of Right.* Upon timely application anyone shall be permitted to intervene in an action:

   (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

2. Several courts in this Circuit have reaffirmed these principals. See e.g. *Frazier v. Coughlin*, 850 F.2d 129 (2d Cir.1988); *Daloia v. Rose*, 849 F.2d 74 (2d Cir.1988); *Lopez v. Ward*, 681 F.Supp. 192, 194 (S.D.N.Y.1988); *Kelley v. City of New York*, 659 F.Supp. 639 (E.D.N.Y.1987).

solely concerns the Forrest copyright renewal rights. Therefore, petitioner does not have a right to intervene under Rule 24(a)(2).

■ Petitioner similarly does not have a right to intervene under Rule 24(b)(2). That subsection, which is produced in relevant part below,[3] permits intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." The Rule goes on to state that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." A district court's discretion under Rule 24(b) is quite broad. *H.L. Hayden Co. of New York v. Siemens Medical,* 797 F.2d 85, 89 (2d Cir.1986); *SEC v. Everest Management Corp.,* 475 F.2d 1236, 1240 (2d Cir.1972).

Reading petitioner's papers as broadly as possible, the Court cannot find any questions of law or fact that petitioner might have in common with the parties. Moreover, intervention would unduly delay the expedient disposition of this case. Thus, intervention is inappropriate under Rule 24(b)(2). Accordingly, petitioner's motion to intervene is denied.

SO ORDERED.

---

**3.** Rule 24(b)—*Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action:

> (2) when an applicant's claim or defense and the main action have a question of law or fact in common.