**Albert McEVOY, Plaintiff,**

**v.**

**John SPENCER, et al., Defendants.**

**Albert McEvoy, Plaintiff,**

**v.**

**Donald Christopher, et al., Defendants.**

**Nos. 96 Civ. 2804(CM),
97 Civ. 0439(CM).**

United States District Court,
S.D. New York.

March 10, 1999.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Albert R. McEvoy, plaintiff.

Philip A. Zisman, Deputy Corporation Counsel, Terence M. Zaleski, Mayor, Department of Law, Yonkers, NY, for Donald Christopher Individually & as Commissioner of Police of the City, of Yonkers, Commissioner, defendant.

Ching Wah Chin, Dept. of Law, Yonkers, NY, for Donald Christopher, Philip Zisman, City of Yonkers.

## MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

McMAHON, District Judge.

Defendants John Spencer, Donald Christopher, Philip Zisman, and the City of Yonkers ("Yonkers") have moved for summary judgment dismissing the complaints in the two actions commenced by Albert McEvoy, former Police Commissioner and Deputy Chief of Police of Yonkers, arising out of his demotion to the rank of Captain and his reassignment to the Third Precinct, "one of the most difficult and problem-ridden precincts in the City of Yonkers." *McEvoy v. Spencer*, 96 Civ. 2804 ("*McEvoy I*"), Compl. ¶ 36. In *McEvoy I*, which is before me on remand from the United States Court of Appeals for the Second Circuit, Captain McEvoy contends that he was demoted and reassigned as a

result of his engaging in certain activities that he describes as "whistle-blowing," namely, expressing his opinion that the "prior Commissioner had permitted excessive and unnecessary overtime payments to police officers, that the police department had been grossly mismanaged, and that ... members of the department, with the help of their union ... had abused their control over police deployment and other important employment issues." *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir.1997).

The Second Circuit reversed, on interlocutory appeal, an order by Judge Rakoff in which this Court denied the defendants Spencer and Christopher's motion to dismiss on the basis of qualified immunity. The panel dismissed McEvoy's demotion claim (first claim) against the individual defendants and remanded to this Court for further proceedings with respect to the remaining claims and defendants. After the Second Circuit's decision, two issues remain to be resolved in *McEvoy I:* whether McEvoy's demotion from Deputy Chief to Captain was a violation of his First Amendment rights for which Yonkers is liable (first and third claims); and whether McEvoy's reassignment to the Third Precinct was a violation of his First Amendment rights (second and third claims) for which any of the defendants are liable. In *McEvoy v. Christopher*, No. 97 Civ. 439 ("*McEvoy II* "), plaintiff sued Police Commissioner Donald Christopher, Philip Zisman, a former Deputy Corporation Counsel with the Office of the Corporation Counsel in Yonkers, and the City of Yonkers, alleging that Commissioner Christopher's denial of plaintiff's application for permission to moonlight as a private investigator was taken in retaliation for *McEvoy I*, in violation of his constitutional rights. Defendants have moved for summary judgment in both actions. For the reasons stated below, the motions are granted in part and held in abeyance in part until the completion of discovery on an expedited schedule.

### McEvoy I

The motion for summary judgment is premature. The Second Circuit sent this case back for resolution of issues of fact. However, discovery was stayed in *McEvoy I* when the matter went to the Circuit, and no one has propelled it forward since the case returned on remand. A discovery schedule is set forth below. The motion for summary judgment is held in abeyance pending completion of that discovery.

### McEvoy II

1. *The Motion to Dismiss Plaintiff's § 1985 Claims Is Granted.*

Defendants are entitled to summary judgment dismissing *McEvoy II*'s three causes of action, to the extent they rely on 42 U.S.C. § 1985, for two reasons.

■ First, McEvoy alleges that the individual defendants conspired together to violate his civil rights. Plaintiff's claims must fail because the defendants cannot conspire with each other. They are a single entity and they cannot, as a matter of law, conspire with that entity. *See Sharpe v. Long*, 842 F.Supp. 197, 201 (D.S.C.1992) (holding that officials of a single governmental entity, acting in their official capacities, cannot conspire among themselves or with the entity within the meaning of § 1985); *see also Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir.1978) (finding no conspiracy by university where all individual defendants were university employees). The individual defendants here are employees of the defendant City of Yonkers. True, they work for different departments of the City, but that is of no more moment in the municipal context than it would be if the individual defendants worked for the Mainframe and Personnel Divisions of IBM and were accused of conspiring with their employer corporation to discriminate against another employee. Such a claim cannot, as a matter of law, be sustained.

■ Second, plaintiff, a white male, does not fall within any class of persons protected by § 1985, such as women or ethnic

minorities. *See, e.g., Trautz v, Weisman,* 819 F.Supp. 282, 291 (S.D.N.Y.1993) (noting that § 1985 "extends to the 'discrete and insular' minorities who receive special protection under the equal protection clause because of inherent personal characteristics"). McEvoy claims protected status by virtue of his "whistle-blowing," but whistle-blowers are not a protected class under § 1985. *See Sachs v. Greenspan,* 91 Civ. 3327(MGC), 1992 WL 96342 at *2 (S.D.N.Y. April 23, 1992), *aff'd,* 990 F.2d 622 (2d Cir.1993); *see also Hicks v. Resolution Trust Corp.,* 970 F.2d 378, 382 (7th Cir.1992); *Buschi v. Kirven,* 775 F.2d 1240, 1258 (4th Cir.1985); *Sharpe,* 842 F.Supp. at 201.

2. *The Motion to Dismiss Plaintiff's Claims Against Defendant Zisman Is Granted.*

■ Defendant Zisman's motion for summary judgment is granted because plaintiff has not stated any legally cognizable claim against him. Zisman was the Yonkers Corporation Counsel when Commissioner Christopher acted on plaintiff's request to moonlight. Commissioner Christopher allegedly consulted Zisman and received legal advice concerning the propriety of granting plaintiff's request. But Commissioner Christopher had an absolute legal right to consult with the City's chief legal officer, and if he did so, attorney Zisman was under a duty to provide him with legal advice. No Section 1983 or 1985 liability attaches under those circumstances. *See Foreman v. Ambach,* 525 F.Supp. 722, 729 (S.D.N.Y.1981); *see also Buschi,* 775 F.2d at 1250; *Yoggerst v. Stewart,* 623 F.2d 35, 38 (7th Cir.1980).

Moreover, plaintiff does not allege that Zisman made the decision to deny plaintiff's request; he alleges that Christopher did. It is well-settled that an attorney is not liable for the actions of a client simply because the attorney provided legal advice to the client. *See Newburger, Loeb & Co. v. Gross,* 563 F.2d 1057, 1080 (2d Cir.1977); *see also Biofeedtrac v. Kolinor Optical*

*Enters.,* 832 F.Supp. 585, 591 (E.D.N.Y. 1993); *Morin v. Trupin,* 835 F.Supp. 126, 134–35 (S.D.N.Y.1993). If this were not the law, a plaintiff would have to be able to invade the attorney-client privilege in order to prove his claim.

3. *The Motion to Dismiss the Third Claim, Alleging a Violation of Plaintiff's Fourteenth Amendment Rights, Is Granted.*

■ In *McEvoy II*'s third claim, plaintiff contends that the decision to deny his request to moonlight violated his Fourteenth Amendment right not to be deprived of his property without due process of law. Of course, plaintiff does not have any interest of constitutional dimension in being a private investigator in his off-duty hours. The complaint does contain a vague allegation that plaintiff was subject to "disparate treatment," but in the absence of any real property interest, plaintiff's claim necessarily fails. Therefore, Commissioner Christopher's decision not to allow McEvoy to engage in such outside employment cannot possibly have deprived him of a constitutionally-protected property right. *See Local 342, Long Island Public Service Employees, UMD, ILA, AFL— CIO v. Town Board of Huntington,* 31 F.3d 1191, 1194 (2d Cir.1994).

4. *The Motion to Dismiss Plaintiff's § 1983 Claims Against Defendant Christopher and the City of Yonkers Is Held in Abeyance Pending Discovery.*

Plaintiff's remaining claim is that Commissioner Christopher retaliated against McEvoy for asserting his First Amendment rights by denying his application to moonlight as a private investigator. The Commissioner asserts that his interest in enforcing a valid police regulation outweighs any First Amendment rights plaintiff may have, and also claims to be shielded by qualified immunity. Yonkers contends that plaintiff has not demonstrated that deliberate municipal action

was taken against plaintiff pursuant to any particular municipal policy, and that dismissal as against the individual defendants necessitates dismissal against it as well. This motion is held in abeyance pending expedited discovery and the filing of responsive papers by plaintiff.

### Conclusion

The Clerk shall enter an order dismissing, with prejudice, plaintiff's three claims in *McEvoy II* (97 Civ. 439) to the extent that they derive from § 1985 or from the Fourteenth Amendment. Defendant Zisman's motion for summary judgment is also granted. Plaintiff's claims against Zisman (*McEvoy II*) are dismissed with prejudice. Judgment is reserved on defendants' motion to dismiss plaintiff's remaining claims, pending expedited discovery. Plaintiff's remaining claims are as follows: (1) against defendants Spencer, Christopher and the City of Yonkers for First Amendment retaliation in reassigning McEvoy to the Third Precinct (*McEvoy I*); (2) against the City of Yonkers for First Amendment retaliation in demoting McEvoy from Deputy Chief to Captain (*McEvoy I*); and (3) against defendants Christopher and the City of Yonkers for First Amendment retaliation in denying McEvoy's application to moonlight as a private investigator (*McEvoy II*).

### Expedited Discovery and Briefing Schedule

The foregoing matters are not terribly complicated, and this controversy has dragged on far too long. The parties are directed to conclude all discovery by May 28, 1999. Plaintiff may serve papers in response to the motion to dismiss the remaining claims in the two actions by June 15, 1999. Reply papers are due June 25, 1999.