Neil FARBSTEIN, Plaintiff,

v.

HICKSVILLE PUBLIC LIBRARY,
Defendant.

No. CV 02–6438(DRH)(MLO).

United States District Court,
E.D. New York.

June 30, 2004.

Neil Farbstein, Syosset, NY, Plaintiff Pro Se.

Jaspan Schlesinger Hoffman LLP by Lawrence Tenenbaum, Esq., Scott B. Fisher, Esq., Garden City, NY, for Defendant.

### MEMORANDUM & ORDER

HURLEY, District Judge.

Plaintiff has initiated the instant action for perceived religious discrimination. Defendant has submitted a Rule 12(c) motion for judgment on the pleadings. For the foregoing reasons, the Court grants the Rule 12(c) motion. Plaintiff's pending motion for leave to amend the complaint is denied as framed but Plaintiff is granted leave to submit a different amended complaint.

## I. BACKGROUND

Consistent with Rule 12(c), the following facts were culled from the parties' pleadings and the documents relied upon therein. *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991).

Plaintiff initiated this action against Defendant Hicksville Public Library ("Library" or "Defendant") due to an incident that occurred on the Library premises on December 11, 1996. Complaint ¶ 4. On this date, Plaintiff claims that employees of Defendant "threw him out" and called the police after he "complained to the desk clerk that it was improper of her to call him a kike." *Id.* Subsequent to the December 11 incident, and drawing from the disputed events thereof, the Library sent Plaintiff a letter dated December 20, 1996, which suspended his library privileges through December 20, 1998. *See* Fisher Aff., Exhibit "A"; *see also* Compl. ¶ 4. At some point after the December 20 suspension of privileges, the Library scheduled a hearing for Plaintiff to present an appeal. Compl. ¶ 4. Plaintiff canceled his appearance at the hearing due to "a prior engagement." *Id.*

Plaintiff thereafter initiated a small claims action against the Library on or about December 18, 1996, in the District Court of Nassau County. Answer ¶ 10. Plaintiff's small claims complaint asserted claims for "false complaint to police" and alleged that "epithets were used." Fisher Aff., Exhibit "B"; *see also* Answer ¶ 10. The Honorable John G. Marks presided over the case and, on March 3, 1997, found that Plaintiff had failed to prove any liability or damages. Fisher Aff., Exhibit "C"; *see also* Answer ¶ ¶ 11–12.

Plaintiff's suspension ended on December 20, 1998. However, Plaintiff asserts that the Library Director did not answer Plaintiff's requests between December 20, 1998 and May 28, 2002 for permission to return to the library. Pl.'s Opp'n to Def.'s Cross–Mot. at 3; *see also* Compl. ¶ 4.

On December 9, 2002, Plaintiff commenced the instant action. The Complaint bases its claims upon "title II, title III, title VI, and title IX of the Civil Rights Act Of 1964 as codified in 42 USCS 2000a-e17 Amended in 1972 and 1978 and 42 USCS sections 1981, 1985, and 1986." Compl. ¶ 4. The Court therefore reads this Complaint as alleging violations of 42 U.S.C. §§ 1981, 1985, 1986 and the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.* Furthermore, Plaintiff alleges that the Library refused to grant him access to its facilities until 2002. *Id.* Upon these claims, Plaintiff seeks $1 million compensatory damages and $10 million punitive damages and a permanent injunction

against the Library enjoining it from violating his civil rights. Compl. ¶ 5.

On July 28, 2003 Plaintiff filed a Motion to Amend the Complaint to add a cause of action under 42 U.S.C. § 1983. *See* Pl.'s Mot. to Amend at 1. On October 30, 2003 the Court received the Library's Affirmation in Support of a Cross–Motion to Dismiss the Complaint in its entirety pursuant to Fed.R.Civ.P. 12(c) and in Opposition to Plaintiff's Motion to Amend. The instant cross-motions were received fully briefed on December 16, 2003.

## II. DISCUSSION

### A. Rule 12(c) Standard

A party is entitled to judgment on the pleadings only if no material issues of fact remain to be resolved. *See Juster Assocs. v. Rutland*, 901 F.2d 266 (2d Cir.1990). Neither party has identified any disputed material fact. Accordingly, the only question before the Court is whether, based upon the record and the pleadings, Defendant is entitled to judgment as a matter of law.

### B. Failure to State a Claim for Which Relief May Be Granted.

As mentioned *supra*, Plaintiff asserts claims under Sections 1981, 1985, 1986 and the Civil Rights Act of 1964. In relevant part, Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim. The Court will address the viability of these claims in order.

### 1. Section 1981.

Section 1981 is grounded in racial discrimination and does not apply to actions alleging religious discrimination. *See Man–of–Jerusalem v. Hill*, 769 F.Supp. 97, 102 (E.D.N.Y.1991) (dismissing Section 1981 claim wherein plaintiff claimed religious discrimination based on

employer's denial of paid leave for Jewish holidays). Plaintiff claims that the Library discriminated against him based on his membership in a class that adheres to the Jewish faith. *See* Compl ¶ 4. This is a claim of religious discrimination rather than racial discrimination. *See id.* For this reason, the Section 1981 claim requires dismissal.

### 2. Section 1985.

In relevant part, Section 1985(3) provides that

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws .... [I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

As an initial matter, Plaintiff has completely failed to assert claims against two or more persons. In fact, Plaintiff has failed to assert a single claim against a natural person, alleging instead that the Library conspired with itself to violate his federal rights. A single entity cannot, as a matter of law, conspire with itself to violate a plaintiff's rights. *See McEvoy v. Spencer*, 49 F.Supp.2d 224, 226 (S.D.N.Y. 1999). Thus, on the face of the complaint,

Plaintiff has failed to assert a claim under Section 1985. However, even if Plaintiff had managed to assert a claim against two defendants, which he did not, the facts alleged in the Complaint fail to support a Section 1985(3) claim.

■ To present a claim of conspiracy, Plaintiff must allege "an agreement among two or more persons ... [with] substantial facts giving rise to an inference of a meeting of the minds of the alleged conspirators." *James v. Artuz,* No. 93 Civ.2056, 1998 WL 50206 at *5 (S.D.N.Y.Feb. 6, 1998). Plaintiff alleges no such agreement. In fact, the Complaint only names a single entity, the Library, and makes no allegations regarding an agreement to violate his rights. Instead, Plaintiff merely references a "conspiracy" by the Library in a conclusory manner without any mention of any actual agreement or even any individuals who enacted the conspiracy. These factual allegations are insufficient to state a claim for a Section 1985(3) even under the liberal federal pleading standards. *See, e.g., Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir.1964); *see also Kelley v. City of New York,* 659 F.Supp. 639, 641 (E.D.N.Y. 1987) (pro se plaintiff's allegation that Health and Human Resource Administration (HHRA) officials conspired with police to secure conviction against her by substituting to testify against her a black HHRA officer for white officer with whom she had an argument is insufficient); *Powell v. Kopman,* 511 F.Supp. 700, 704 (S.D.N.Y. 1981) (vague and conclusory statements without specific facts are not enough); *Brooks v. Lange,* No. 91 Civ. 7382, 1993 WL 256553 at *3 (S.D.N.Y. July 7, 1993) ("[w]hile a pro se complaint must be liberally construed, ... complaints containing only conclusory, vague, or general allegations [of] conspiracy ... are properly dismissed") (citations omitted); *Hall v. Dwor-*

*kin,* 829 F.Supp. 1403, 1412–13 (N.D.N.Y. 1993) (holding that pro se plaintiff must make more than broad, simple and conclusory allegations of conspiracy, which "does not constitute a heightened pleading standard, per se, requiring plaintiff to surpass the liberal pleading standard of Rule 8(a); on the contrary, requiring plaintiff to allege more than merely bald conclusory statements comports with the notice requirements under the Federal Rules of Civil Procedure.").

For all of these reasons, the Court concludes that Plaintiff has failed to assert a Section 1985(3) claim for which relief may be granted. As such, the motion to dismiss should be granted.

### 3. Section 1986.

Since a violation of § 1986 is predicated on a violation of § 1985, no claim under Section 1986 is viable either. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* No. 92–CV–3917, 1994 WL 494902, at *5 (S.D.N.Y. Sept. 9, 1994), *aff'd,* 60 F.3d 810 (2d Cir.1995).

### 4. Claims Under "Title II."

■ Plaintiff asserts a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (1988). However, a plaintiff seeking to enforce the substantive provisions of Section 2000a can obtain only injunctive relief. *See* 42 U.S.C. § 2000a–3(a); *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Plaintiffs must therefore show a "real or immediate threat that [they] will be wronged again-'a likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). Plaintiff has failed to allege such a threat. In fact, upon the

allegations included in the Complaint, Plaintiff currently has access to the Library and there is no indication that he is in danger of losing such access in the future. Moreover, Plaintiff has asserted no further discriminatory acts in the two years following May 2002. For these reasons, the Court concludes that Plaintiff has failed to allege a likelihood of substantial and immediate irreparable injury. As such, no claim under Section 2000a could succeed.

5. Title III of the Civil Rights Act of 1964.

■ Plaintiff also asserts a claim under Title III of the Civil Rights Act of 1964. Title III grants a private right of action "to any person who is being subjected to discrimination on the basis of disability" in violation of Title III, or "who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title." 42 U.S.C. § 12188(a)(1) (2000). Since Plaintiff has failed to assert any disability in either his Complaint or opposition papers, this claim should be dismissed with prejudice.

6. Title VI of the Civil Rights Act of 1964.

Plaintiff also asserts a claim under Title VI of the Civil Rights Act of 1964. This Title VI is codified at 42 U.S.C. § 2000d. This section reads

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

■ First of all, this section does not embrace religious prosecution of the type asserted by Plaintiff. Second, Plaintiff has failed to assert, and, upon the representations made by Defendant, cannot assert, that Defendant is a recipient of Federal financial assistance. For these reasons, the Court concludes that this claim should be dismissed with prejudice.

7. Title IX.

Since Title IX only applies to employment discrimination, *see North Haven Bd. of Ed. v. Bell*, 456 U.S. 512, 535 n. 26, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982), which is not implicated by any of the alleged facts, *see* Complaint, this claim should also be dismissed with prejudice.

C. Statute of Limitations.

Although the Court has already decided that the claims contained in the complaint should be dismissed, the dismissal of the Section 1985(3) and Section 1986 claims was predicated upon the factual inadequacy of the claim rather than any ingrained defect. Because the Court must also, in the context of the instant order, decide Plaintiff's motion for leave to amend the complaint, the Court must ascertain whether any proposed amendment to those claims would otherwise be futile. For this reason, the Court addresses Defendant's statute of limitations arguments on their merits.

1. Claims in the Complaint.

■ The claims brought under Sections 1981 and 1985 are subject to the New York state statute of limitations for analogous state claims. *See Tadros v. Coleman*, 898 F.2d 10, 11 (2d Cir.1990), *cert. denied*, 498 U.S. 869, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990) (Section 1981); *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir.1977), *cert. denied* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977) (Section 1985). Accordingly, the

limitations period for Section 1981 derives from New York's personal injury statute, N.Y.C.P.L.R. § 214(5) (McKinney 2003), and the limitations period for Section 1985 derives from the New York statute governing actions to recover upon liability, penalty or forfeiture, N.Y. C.P.L.R. § 214(2) (McKinney 2003). *See Tadros,* 898 F.2d at 11; *see also Meyer,* 550 F.2d at 728. The resulting limitations period for both of these claims is three years. *See id.* Rather than relying upon New York law, the text of Section 1986 expressly provides for a one-year statute of limitations from when the cause of action accrued. *See* 42 U.S.C. § 1986; *see also Powers v. Karen,* 768 F.Supp. 46, 50 (E.D.N.Y.1991). Thus, none of Plaintiff's claims has a statute of limitations longer than three years from the date of accrual.

 Whereas state law prescribes the period of the statute of limitations for claims under Sections 1981 and 1985, and federal law dictates the period of the statute of limitations for claims under Section 1986, federal law governs when all of these federal claims accrue. *See Morse v. Univ. of Vermont,* 973 F.2d 122, 125 (2d Cir. 1992). Determining this date of accrual is not simple. "In the realm of [Section 1985] civil conspiracy law, the question of the time of accrual of a cause of action is complicated, and the rules for civil rights conspiracies have largely been borrowed from the rules of accrual of actions for antitrust conspiracies." *Jones v. Coughlin,* 665 F.Supp. 1040, 1044 (S.D.N.Y.1987) (citations omitted). Under those antitrust conspiracy rules, "in a longstanding conspiracy to violate civil rights, a civil plaintiff will recover only those damages 'caused by' the overt acts of the conspiracy that occurred within the period of the statute of limitations." *Id.* Therefore, while " 'the statute of limitations in a civil damages action for conspiracy runs separately from each overt act that is alleged to cause damage to the plaintiff,' " a plaintiff may only recover for those acts that actually occurred with the relevant time period. *Id.* (quoting *Lawrence v. Acree,* 665 F.2d 1319, 1324 (D.C.Cir.1981) (per curiam)). With regard to each of these overt acts, the cause of action accrues when the plaintiff learns of the injury. *See Jaghory v. New York State Dept. of Educ.,* 131 F.3d 326, 331 (2d Cir.1997) ("Under federal law, which governs when claims brought under §§ 1983 and 1985 accrue, the statute of limitations begins to run once the plaintiff knows of the injury on which the claim is based.").

 Construing his allegations and arguments broadly, Plaintiff alleges four distinct acts in furtherance of the conspiracy: (1) his removal from the Library on December 11, 1996; (2) the December 20, 1996, letter communicating the two year ban; (3) the continuing effects of the ban; and (4) the phone conversations that he had with unspecified Library staff at unspecified dates after the end of the ban. The first two items listed above clearly occurred outside of the three-year period and Plaintiff's claims with regard to them are therefore barred by the statute of limitations. With regard to the third type of act asserted by Plaintiff, the continuing effects of the ban are insufficient, without more, to constitute an overt act in furtherance of a conspiracy to deprive him of his federally protected rights. *See Burrell v. City Univ. of N.Y.,* 894 F.Supp. 750 (S.D.N.Y.1995) (continuation of the effects of a discriminatory act does not amount to a new or continuing violation). Furthermore, even if the continuing ban were considered as an overt act, the entire ban was completed more than three years prior to the initiation of this lawsuit. Thus, in the context of the instant action, Plaintiff

cannot recover damages for any of these first three "acts."

■ The fourth act alleged by Plaintiff proves more complicated than the first three. On page three of his Opposition to the Defendant's Cross Motion, Plaintiff alleges, "The plaintiff was told by the staff that he could not enter the library without being arrested on trespassing charges in several phone calls he made to the library in the years after he was legally allowed to enter the library and use its facilities (1998–2002)." The Court construes this as an allegation that Plaintiff was told on several uncertain dates by unnamed individuals working at the Library that he could not return to the Library. Such a cryptic allegation is insufficient, by itself, to provide adequate notice to Defendant or to save the claims from dismissal due to timeliness issues. *See* Fed.R.Civ.P. 8; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that under Rule 8(a) of the Federal Rules of Civil Procedure, the complaint need only plead "a short and plain statement of the claim" that will provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests). Among other notable defects, the Court notes that Plaintiff refers generally to events that occurred in the four year period prior to the initiation of this lawsuit. Thus, it is possible that all of the cryptically alleged events are barred by the three year statute of limitations. Thus, these imprecise allegations are ineffective, as framed, to rescue Plaintiff's Section 1985(3) and Section 1986 claims from the statute of limitations.

■ Nonetheless, upon those allegations, the Court cannot conclude that adequately detailed allegations of timely overt acts would be impossible. When granting a motion to dismiss a complaint as a matter of law, leave should be granted to amend the complaint unless such amendment would be futile. *See Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (leave to amend should be granted unless there is bad faith, futility, or prejudice to opposing party). In the context of the instant case, as indicated *supra,* Plaintiff may be able to assert facts adequate to set forth timely overt acts in furtherance of a conspiracy to deprive him of his federally protected rights. It is also possible that Plaintiff could mend the errors noted in Section II(B)(2) *supra.* If he were able to do so in the context of an amended complaint, then he would have asserted Section 1985(3) and Section 1986 claims that would withstand the instant motion for judgment on the pleadings. Thus, the Court cannot conclude that amendment of the complaint as to such claims would be futile.

With regard to the Title II, Title III, Title VI, Title IX and Section 1981 claims, Plaintiff has failed to convince the Court that amendment of the complaint would be anything other than futile. Stated differently, upon the undisputed facts alleged in the complaint, those claims cannot succeed no matter what additional information is added to the complaint.

2. Claims in the Proposed Amended Complaint.

Plaintiff has filed a motion for leave to amend the complaint. That motion seeks to add a Section 1983 claim to the complaint. Plaintiff has not submitted a proposed amended complaint. Instead, Plaintiff merely argues, in conclusory terms, that he should be permitted to add a Section 1983 claim. Defendant argues that Plaintiff's Motion to Amend should be denied because the Section 1983 claim is untimely and therefore futile. After care-

ful review of the relevant case law, the Court agrees with Defendant's argument.

■ In consideration of a Motion to Amend, Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the Court may deny such a motion when the proposed amendment would be futile. *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 122 (E.D.N.Y.2003); *see also Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y.1996). A proposed amendment is considered futile if its underlying cause of action would be barred by the relevant statute of limitations. *Northbrook Nat'l Ins. Co.*, 167 F.R.D. at 647.

For the purposes of the instant case, which was filed in New York, the statute of limitations for an action under Section 1983 is three years. *Jaghory*, 1996 WL 712668 at *4. Construed broadly, the most recent affirmative discriminatory acts alleged by Plaintiff occurred on some uncertain dates in the four year period between December 20, 1998 (the end of the Library ban) and May 2002 (when Plaintiff received a letter confirming that the ban ended on December 20, 1998). *See* Pl.'s Opp. at 3. This constitutes a span of more than three and a half years. As alleged, the Court cannot ascertain which, if any, of the alleged telephone conversations occurred between December 9, 1999 and December 9, 2002, i.e. the three year period prior to the filing date, and would therefore be timely. Given this lack of precision, the Court cannot ascertain whether any discriminatory act occurred within the relevant period.[1] As such, the Court declines to grant the instant motion to amend.

For all of these reasons, the Court concludes that the proposed amendment would be futile. Accordingly, Plaintiff's motion should be denied.

■ Parenthetically, the Court notes that Plaintiff relies heavily upon the continuing violation doctrine to rescue all of his facially untimely Section 1983 allegations. A plaintiff who establishes a continuing violation is entitled to challenge all conduct comprising part of the violation, even conduct that did not occur within the limitations period. *Jaghory v. New York State Dep't of Educ.*, No. 95–CV–3478, 1996 WL 712668, at *4 (E.D.N.Y. Dec. 5, 1996). However, courts in the Second Circuit look unfavorably upon the continuing violation doctrine and typically apply the theory only under compelling circumstances. *Jaghory* 1996 WL 712668 at *5. Plaintiff is advised that he should consider this standard before asserting the continuing violation doctrine in connection with any amended complaint.

### D. Res Judicata.

Defendant also asserts that res judicata prevents Plaintiff from asserting the claims contained in the complaint. The doctrine of res judicata, which is often also referred to a claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). As stated by the Second Circuit:

[u]nder the doctrine of res judicata, "once a final judgment has been entered

---

1. The Court does not reach the issue of whether Plaintiff could assert Section 1983 claims based upon specific alleged discriminatory acts that occurred within the relevant time frame.

on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose."

*Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997) (internal quotation marks omitted) (alteration in original).

▮▮▮▮ The res judicata principle prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. *See L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87–88 (2d Cir.1999) (per curiam). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Id.* at 88. A district court must give a State court judgment the same effect as a federal judgment. *See, e.g., Bishop v. Porter*, No. 02–CV–9542, 2003 WL 21032011, at *5 (S.D.N.Y. May 8, 2003).

▮▮▮▮ In the instant case, Plaintiff's claims were previously adjudicated and dismissed by a small claims court. The parties dispute the precise character of res judicata that may attach to such a small claims determination. Upon review of the case law, the Court concludes that "a claim brought to and decided in small claims court will be given res judicata effect where the party who was adversely effected by the prior judgment seeks to relitigate the exact same claim in subsequent proceedings." *Chrzanowski v. Lichtman*, 884 F.Supp. 751, 756 (W.D.N.Y.1995). This is narrower than the general scope of res judicata. *See L–Tec Elecs.*, 198 F.3d at 88. Upon this narrower principle, the Court concludes that Plaintiff is not seeking to litigate the exact same claims as were litigated in the small claims action. In support of this conclusion, the Court notes that the small claims complaint based the action upon a false complaint to

the police and the fact that epithets were used. While this incident, i.e. the December 11, 1996 incident at the library, provided the genesis for Plaintiff's complaint, the Court concludes that it does not encompass "the exact same claim." Among other differences, the Court notes that Plaintiff bases his claim upon a conspiracy to deny him access to the library due to his religious affiliation, not upon any epithets or the complaint to the police. As such, the Court declines to apply res judicata under these circumstances.

### E. Failure to File a Notice of Claim.

Defendant also argues that all state law claims should be dismissed due to Plaintiff's failure to file a timely notice of claim. Upon careful review of the complaint, the Court concludes that Plaintiff has not asserted any state law claims. For this reason, the Court declines to address this argument.

### III. CONCLUSIONS

For the foregoing reasons, the Court concludes that, as alleged in the complaint, Plaintiff has failed to assert a claim for which relief may granted. As such, Defendant's Rule 12(c) motion is GRANTED. Because, as framed, the proposed amendment would be futile, Plaintiff's motion for leave to amend is DENIED. However, because the Court cannot determine whether future pleading would be futile, leave to file an amended complaint is granted. Plaintiff shall serve his amended complaint upon Defendant's counsel and file the amended complaint with the Court on or before July 23, 2004. Plaintiff is advised that the failure to file a timely amended complaint will result in the dismissal and closure of this case. Plaintiff is further advised that he should endeavor comply with the rulings contained in the instant order. As such, he should endeav-

or to provide adequate allegations of a Section 1985(3) conspiracy.[2] Plaintiff is further advised that he should provide some minimal specificity with regard to those overt acts that purportedly occurred within the relevant time period. Finally, Plaintiff is advised that he is not granted leave to amend as to any claims under Section 1981, Section 2000a, Title III, Title VI or Title IX. After Plaintiff has served and filed his complaint, Defendant shall answer or otherwise respond within the time provided by the Federal Rules of Civil Procedure.

**SO ORDERED**

**2.** With regard to any amended Section 1985(3) claim, the Court notes that it is well settled that there can be no actionable conspiracy under the civil rights laws if the alleged conspirators are employees of a single organization and their alleged actions were taken in the course of their employment. *See* *Girard v. 94th Street and Fifth Ave. Corp.*, 530 F.2d 66, 71 (2d Cir.), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976).