12-464-cv
Clark v. DiNapoli

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen,

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                       *Circuit Judges*.

_____

JOSEPH CLARK,

                    *Plaintiff-Appellant*,

            -v-                                          12-464-cv

THOMAS DINAPOLI, as State Comptroller of the State of New York and New York State Police and Fire Retirement System, ROBERT COUGHLIN, Individually and as Supervising Attorney for the New York State Police and Fire Retirement System, DANA S. RIELL, Individually and as Supervising Attorney for the New York State Police and Fire Retirement System, JOHN DOE, ONE THROUGH TEN, New York State Police and Fire Retirement System,

                    *Defendants-Appellees*.[*]

_____

Appearing for Appellant:     Maureen McNamara, West Haverstraw, NY

_____

[*] The Clerk of the Court is directed to change the caption as set out above.

Appearing for Appellees:     Victor Paladino, Assistant Solicitor General (Barbara D.
                             Underwood, Solicitor General; Denise A. Hartman, Assistant
                             Solicitor General, *on the brief*), *for* Eric T. Schneiderman,
                             Attorney General of the State of New York, Albany, NY

 Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

 **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**, in part on different grounds.

 Plaintiff-Appellant Joseph Clark appeals from the district court's grants of the State's motions for judgment on the pleadings, entered on October 14, 2011 and January 3, 2012, finding for the State Defendants on all claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

 Clark brought a number of constitutional claims against the State Defendants including (1) a pre-deprivation due process claim, (2) a post-deprivation due process claim, (3) a "class-of-one" equal protection claim, (4) a First Amendment retaliation claim, and (5) a state law claim for violation of N.Y. GEN. MUN. LAW § 207-c. We conclude that the district court properly found for the State Defendants on the pleadings on all of Clark's claims. With respect to Clark's post-deprivation due process claim against the State Defendants in their official capacities, however, we affirm the district court on different grounds.

 The district court properly dismissed Clark's claims against the State Defendants for money damages as precluded by the Eleventh Amendment, but did not address whether the Eleventh Amendment also barred Clark's requests for declaratory and injunctive relief. Under the doctrine established in *Ex parte Young*, "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (internal quotation marks omitted). A plaintiff may not use this doctrine to adjudicate the legality of past conduct. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986).

 Assuming that the Retirement System violated due process by unduly delaying Clark's post-deprivation hearing, that delay ended once the System held a hearing on December 15, 2009, and issued a final written determination and order of dismissal in February 2010. We find no merit to Clark's assertion that this did not constitute a final hearing and decision on the merits. Thus, Clark has alleged injuries stemming only from past conduct with no plausible threat of future violations. Such claims do not fall within the *Young* exception to Eleventh Amendment immunity, regardless of how the request for relief is styled. *See, e.g.*, *Green v. Mansour*, 474 U.S. 64 (1985); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). Thus, Clark's post-deprivation due process claim fails because it is precluded by the Eleventh Amendment, as was his claim for monetary damages.

Although the State Defendants did not raise this particular Eleventh Amendment defense at summary judgment, they raised it in their Answer to the First Amended Complaint, and, moreover, this Court can address an Eleventh Amendment defense in the first instance because it "sufficiently partakes of the nature of a jurisdictional bar." *Edelman v. Jordan*, 415 U.S. 651, 677-78 (1974); *see also Shabazz v. Coughlin*, 852 F.2d 697, 699-700 (2d Cir. 1988) (addressing an Eleventh Amendment defense in the first instance relying on *Edelman*).

We have considered Clark's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED and is AFFIRMED on different grounds than the judgment below with respect to Clark's post-deprivation due process claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3