14-3524-cv
*Clark v. Kitt*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
                    *Circuit Judges.*

---

JOSEPH CLARK,

       *Plaintiff-Appellant,*                       14-3524-cv

       v.

STACY KITT, INDIVIDUALLY AND AS AN EMPLOYEE OF THE STATE OF NEW YORK,

       *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:        MAUREEN MCNAMARA, West Haverstraw, NY.

FOR DEFENDANT-APPELLEE:        PHILIP V. TISNE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

1

Appeal from an August 20, 2014 judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of August 20, 2014 of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Joseph Clark ("Clark") appeals a judgment of the District Court granting a motion to dismiss by Defendant-Appellee Stacy Kitt ("Kitt"). Clark, a former police officer for the Town of Clarkstown, N.Y.,[1] asserts that Kitt, an attorney in the Office of the New York State Comptroller, engaged in various forms of misconduct related to a December 2009 hearing (the "2009 hearing") to determine Clark's eligibility for disability benefits. Clark alleges, *inter alia*, that Kitt's misconduct violated his Fourteenth Amendment rights to due process and equal protection, and he seeks compensatory and punitive damages, attorney's fees, and declaratory and injunctive relief. The District Court dismissed Clark's complaint on a number of grounds including that it was barred by *res judicata*, based on *Clark v. DiNapoli*, No. 1:09-CV-1037, 2011 WL 4901330 (N.D.N.Y. Oct. 14, 2011) ("*Clark I*"), *aff'd*, 510 F. App'x 49 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Clark argues that (1) the District Court improperly considered "matters outside the pleadings" in considering Kitt's motion to dismiss; (2) the Court should have granted Clark discovery before dismissing his case; (3) *res judicata* should not apply, because Kitt fraudulently concealed her misconduct so that it "could not have been timely discovered" during *Clark I*; (4) the District Court erred in dismissing the case for failure to state a claim; (5) "the District Court erred in dismissing the complaint against Defendant Kitt individually";[2] (6) the District Court improperly found that the Eleventh Amendment barred some of Clark's claims, even though the issue was first

---

[1] Kitt identifies the town as "Clarkson," Kitt Br. 5, but Clark and the District Court refer to "Clarkstown." The discrepancy is immaterial to our conclusion.

[2] We construe this assertion as a challenge to the District Court's dismissal of Clark's suit against Kitt in her individual capacity. Clark mentions this issue only during his "Statement of the Issues Presented" but does not discuss it in his argument. Because he does not argue this point in the body of his brief, we assume that it duplicates the other issues on appeal. To the extent that Clark does mean to raise a distinct issue, he has forfeited it by failing to provide reasons for his contention, "with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A); *see Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013).

2

raised in Kitt's reply brief; and (7) the Court should have granted Clark leave to amend his complaint after discovery.[3] Clark Br. at i-ii, 1-2.

We focus here on *res judicata*, which is sufficient to resolve this appeal. "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "Our review of a district court's application of *res judicata* is also *de novo*." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). In considering *res judicata* in the context of a motion to dismiss, a court may consider "the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *Id.*

The term *res judicata* encompasses two different preclusion doctrines: claim preclusion and issue preclusion. Under claim preclusion—the doctrine at issue here—"a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107-08 (2d Cir. 2015) (internal quotation marks omitted). Claim preclusion bars not only claims actually adjudicated in the prior case, but also "claims that might have been raised in the prior litigation but were not." *Id.* at 108. For claim preclusion to apply, there must have been a previous action (1) that "involved an adjudication on the merits," (2) that "involved the same adverse parties" as the instant litigation "or those in privity with them," and (3) in which the claims asserted in instant litigation "were, or could have been, raised." *Id.* (alteration and internal quotation marks omitted).

Claim preclusion applies here because the instant case and *Clark I* present practically identical constitutional claims arising from a "common nucleus of operative facts." *See Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000). Clark does not dispute that *Clark I* resulted in an adjudication on the merits, nor does he challenge the District Court's holding that Kitt, as an attorney for the Retirement System,[4] was in privity with the other Retirement System attorneys Clark sued in *Clark I*. Clark's sole argument against *res judicata* is his claim that he lacked an opportunity to

---

[3] Clark mentions this issue at the end of his brief, but he does not include it in his "Statement of the Issues Presented." We remind Clark that Fed. R. App. P. 28(a)(5) requires "a statement of the issues presented for review," and that failure to comply with that Rule may result in forfeiture of the argument. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 76 (2d Cir. 2001).

[4] Kitt refers to the pension system at issue as the "New York State and Local Employees Retirement System," while Clark refers to the "New York State Police and Fire Retirement System." Once again, the discrepancy is immaterial to our conclusion.

assert his claims against Kitt in *Clark I* because she fraudulently concealed her misconduct so that it could not have been discovered with due diligence. Clark Br. 20-26.

Clark rightly observes that claim preclusion does not bar claims that could not have been raised in the earlier litigation—for instance, if the events at issue occurred after the prior action. *See Marcel Fashions*, 779 F.3d at 108; *TechnoMarine*, 758 F.3d at 499. In this case, however, the events at issue occurred during, not after, the prior litigation. Clark filed *Clark I* in September 2009. Kitt's alleged misconduct—*ex parte* communications with an administrative hearing officer and improperly ghostwriting a letter for that officer—occurred in November and December 2009. On August 3, 2011, Clark filed an amended complaint that introduced allegations regarding those very events. By choosing to file the amended complaint, Clark bound himself to bring all existing claims, against all related defendants, stemming from the events at issue in that complaint.

That Clark recently discovered, or hopes to discover, additional evidence related to the same alleged misconduct is irrelevant. "*Res judicata* applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (internal quotation marks omitted). Clark argues that the fraudulent concealment exception should apply here, because Kitt "conceal[ed] her involvement" so that he could not have discovered her conduct during *Clark I*. Clark Br. 25. But even assuming *arguendo* that Kitt tried to conceal her conduct—Clark offers no support for this assertion—Clark's own pleadings in *Clark I* reveal that he *did* discover at least some of Kitt's alleged misconduct before filing his amended complaint. *See, e.g.*, *Clark I*, First Amended Complaint ¶¶ 157-58 (alleging that Kitt was the attorney representing the Retirement System at the hearing and had *ex parte* communication with the hearing officer).[5] Clark's failure to name Kitt as a defendant in *Clark I* was a litigation decision, not the product of involuntary ignorance. As the District Court rightly concluded, claim preclusion requires Clark to abide by the consequences of that decision.

---

[5] The only new information Clark discovered *after* filing his amended complaint was that Kitt had ghostwritten a letter for an administrative hearing officer, which he knew no later than August 19, 2011. *See* J.A. 375. As the District Court rightly observed, that information suggested no new cause of action against Kitt, and even without the newly discovered evidence, Clark already had sufficient notice of Kitt's actions to justify naming her as a defendant when he filed his amended complaint. SPA 24-25; *cf. Saud v. Bank of New York*, 929 F.2d 916, 921 (2d Cir. 1991) (finding that "even if [plaintiff] did not know the full extent of the" alleged misconduct when the suit commenced, *res judicata* should apply, because plaintiff's pleadings "demonstrated that he had sufficient information to create a duty of further investigation").

## CONCLUSION

We have reviewed Clark's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk